[Cite as *Trudge, L.L.C. v. Norwood Bd. of Zoning Appeals*, 2026-Ohio-2960.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TRUDGE, LLC, | : | APPEAL NO. C-260006 |
| | | TRIAL NOS. A-2404407 |
| GREGORY MYERS, | : | A-2404408 |
| | | A-2404410 |
| DONNA MYERS, | : | A-2404411 |
| | | A-2404412 |
| and | : | A-2404413 |
| | | A-2404415 |
| KATHRYN MYERS, | : | |
| Plaintiffs-Appellants, | : | |
| | | *JUDGMENT ENTRY* |
| vs. | : | |
| NORWOOD BOARD OF ZONING APPEALS, | : | |
| | : | |
| Defendant-Appellee. | | |
| | : | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**
**Enter upon the journal of the court on 7/31/2026 per order of the court.**

**By:**_____
    **Administrative Judge**

[Cite as *Trudge, L.L.C. v. Norwood Bd. of Zoning Appeals*, 2026-Ohio-2960.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| TRUDGE, LLC, | : | APPEAL NO. | C-260006 |
| | | TRIAL NOS. | A-2404407 |
| GREGORY MYERS, | : | | A-2404408 |
| | | | A-2404410 |
| DONNA MYERS, | : | | A-2404411 |
| | | | A-2404412 |
| and | : | | A-2404413 |
| | | | A-2404415 |
| KATHRYN MYERS, | : | | |
| Plaintiffs-Appellants, | : | | |
| vs. | : | | |
| NORWOOD BOARD OF ZONING APPEALS, | : | *O P I N I O N* | |
| | : | | |
| Defendant-Appellee. | : | | |
| | : | | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed

Date of Judgment Entry on Appeal: July 31, 2026

*Cornetet, Meyer, Rush, & Spillane* and *Michael S. Spillane*, for Plaintiffs-Appellants,

*Keith D. Moore*, City of Norwood Law Director, and *Timothy A. Garry, Jr.*, Assistant Law Director, for Defendant-Appellee.

**NESTOR, Judge.**

{¶1} Short-term rentals sometimes work a hardship on otherwise peaceful neighbors. As a result, local governments try to restrict the use of residences through zoning codes. In this case, the City of Norwood cited Airbnb hosts for running short-term rentals out of their properties. The Norwood Board of Zoning Appeals found that the Airbnb use violated Norwood's zoning code. The owners pursued their case in the court of common pleas. The magistrate found in favor of the owners, but the trial court sided with Norwood. In this appeal, we reverse the trial court's judgment and hold that Norwood's zoning code allows short-term rentals in residential districts.

## I. Factual and Procedural History

{¶2} Plaintiffs-appellants, Trudge, LLC, Gregory Myers, Donna Myers, and Kathryn Myers ("Property Owners"), own seven properties in the City of Norwood. The Property Owners use the properties as short-term rental Airbnbs. When visiting, renters use the entire apartment or home.

{¶3} The properties are located in Norwood zoning districts designated for one- and two-family residences. Three of the properties are in a "Single-Family Residence District," ("R-1"). The other four properties are in a "One- and Two-Family Residence District," ("R-2"). The Norwood Codified Ordinances' Planning and Zoning Code ("NCO") provides a table with permitted uses of properties within each zone.

{¶4} The Norwood building inspector cited each property for a zoning violation because the building inspector concluded that the NCO does not allow for short-term rentals in the R-1 and R-2 zones. The Property Owners appealed the citations to the Norwood Board of Zoning Appeals ("BZA"). The BZA found that the properties violated the NCO because they were "not . . . [one family/two-family/multi-family] dwelling[s] . . . as defined in the [NCO]." The BZA determined short-term

rentals were not a permitted use because "the occupants of the structure are transient in nature and . . . are not occupying the dwelling unit for more than 30 days, and [] the building[s] [are] not used exclusively for residence purposes by a family."

{¶5} The Property Owners appealed the BZA's decisions to the Hamilton County Court of Common Pleas and consolidated the appeals into one case. The magistrate reversed the BZA's decisions, holding that the Property Owners' use did not violate R-1 and R-2 zoning restrictions based on the plain meaning of the NCO. The magistrate determined the NCO does not prohibit use of the properties as short-term rentals because using the properties as short-term rentals did not change their status as a one- or two-family dwelling.

{¶6} The BZA objected to the magistrate's decision and the trial court, upon review, reversed the magistrate's decision. The trial court stated, "the City of Norwood has passed legislation that states that the use of the properties by the owners for Airbnb type purposes is not permitted in R-1/R-2 districts."[1] The court found that because the NCO does not include short-term rentals as a permitted use in the chart for R-1/R-2 districts, short-term rentals were prohibited.

{¶7} The Property Owners now appeal, asserting a sole assignment of error.

## II. Analysis

{¶8} In their sole assignment of error, the Property Owners contend that the trial court erred in finding that short-term rentals violated the NCO.

{¶9} Below, the trial court reviews a zoning board's decision to determine if it is "unconstitutional, illegal, arbitrary, capricious, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

---

[1] It is worth noting that many local governments have legitimately restricted short-term rentals by amending existing zoning codes. Despite the trial court's observation, Norwood has not.

R.C. 2506.04. Typically, our review of a trial court's decision on an appeal from a zoning board is even "narrower and more deferential." *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 2014-Ohio-4809, ¶ 25, citing *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984).

{¶10} However, even though "we must defer to the [trial] court's factual findings, . . . we need not defer to any legal conclusions." *Willow Grove, Ltd. v. Olmstead Twp. Bd. of Zoning Appeals*, 2022-Ohio-4364, ¶ 17. Because the NCO does not define "short-term rentals," we must determine if short-term rentals fall into a permitted use category. Statutory construction is a question of law, so this court reviews the issue de novo. *Id.* at ¶ 16, citing *Cleveland Clinic Found.* at ¶ 25.

{¶11} Here, the properties are located within the R-1 and R-2 zones. For these properties, the relevant permitted use in the R-2 zone is "Two-Family Dwelling." NCO 1111.54 defines "Dwelling, Two-Family" as "a building consisting of two dwelling units designed for or used exclusively for residence purposes by two families living independently of each other."

{¶12} The NCO then defines a "dwelling unit" as a "single unit providing complete independent living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation." NCO 1111.51. And the NCO defines "Family" as "one or more persons occupying a dwelling or house keeping unit provided that unless all members are related by blood, adoption, or marriage, no such family shall consist of more than four persons." NCO 1111.57.

{¶13} The relevant permitted use in the R-1 zone is "Single-Family Detached." The NCO does not define "Single-Family Detached." As stated above, the NCO defines "Family."

{¶14} Combined these NCO provisions provide that a permitted use in the R-

1 and R-2 zones is an independent living facility that has only four people occupying the facility, or if it is more than four, that they are all related. The properties at issue are all independent living facilities and the maximum number of people allowed to occupy each facility is four. The code imposes no other requirements, such as a length of occupancy requirement. Accordingly, using the properties as short-term rentals is a permitted use.[2]

{¶15} As the Property Owners point out, this case is like *Cheng v. Symmes Twp. Bd. of Zoning Appeals*, 2024-Ohio-2882 (1st Dist.). The appellants in *Cheng* also used their properties as short-term rentals in a residential district designated for single-family dwellings. *Cheng* at ¶ 1. The trial court found in favor of the Township because the property owners were not using the properties as single-family dwellings. *Id*. at ¶ 14. This court ruled in favor of the property owners because regardless of whether an owner was occupying the property, it was still a single-family dwelling. *Id*. at ¶ 15. Therefore, using a property as a short-term rental did "not change its character into something other than a single-family dwelling." *Id*. The single-family dwellings continued to remain single-family dwellings. *Id*. The presence of short-term renters did not transform the properties into something else. *Id*.

{¶16} The same is true here. There is nothing in the NCO that prohibits the Property Owners from using their properties as short-term rentals and the presence of short-term renters does not transform the properties into something new. They remain independent living facilities for four or less people, which the NCO allows.

{¶17} The BZA argues that the NCO provides that "[a]ny use not listed or that

---

[2] The NCO does not define "Single-Family Detached" like it does "Two-Family Dwelling." We therefore use the definition of "Family" to determine what is a permitted use for "Single-Family Detached." Because the definition of "Family" refers to a dwelling, we use the definition of dwelling found in NCO 1111.51 to interpret "Single-Family Detached."

does not appear in below list is prohibited." NCO 1151.42. However, as explained above, short-term rentals fall within permitted uses. "Two-Family Dwelling" and "Single-Family Detached" are permitted uses and these properties are all either "Two-Family Dwelling[s]" or "Single-Family Detached" units.

{¶18} The BZA also argues we need to give weight to the word "residence," which appears in the title of the R-1 and R-2 zones ("Single-Family Residence District" and "One- and Two-Family Residence District"). The NCO does not define residence. The BZA states that referring to the short-term renters as "guests," shows the renters are transient in nature and cannot be residents. But there is nothing in the code that requires an occupant to stay for a set amount of time. And Norwood allows long-term rentals of similar properties in each district, i.e., apartments.[3] Whether an occupant stays for a night or a year, a rental is a permitted use. Because the NCO does not have a time requirement, short-term rentals are permitted.

{¶19} Finally, the BZA cites *Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd.*, 652 Pa. 224 (2019). In *Slice of Life*, the Supreme Court of Pennsylvania held that the zoning ordinance's definition of "family" required occupants to operate as "a single housekeeping unit." *Id.* at 245. The court defined housekeeping unit as "'a group of individuals in a single household [that] must not only function as a family within that household, but in addition, the composition of the group must be sufficiently stable and permanent so as not to be fairly characterized as purely transient.'" *Id.* at 232, citing *Albert v. Zoning Hearing Bd.* 578 Pa. 439, 453 (2004). As a result, "defining 'family' by requiring 'a single housekeeping unit,' the Ordinance

---

[3] At the BZA hearing, the Board stated that "occupying the dwelling unit for more than 30 days" constituted a long-term rental and was a permitted use. The Board determined that anything less than 30 days was a short-term rental and is not a permitted use. Nothing in the NCO requires such a duration and this distinction is arbitrary.

clearly and unambiguously excluded, in pertinent part, purely transient uses of property." *Id*. at 245. Short-term rentals were, therefore, not allowed. *Id*. at 252.

{¶20} The BZA asks this court to adopt Pennsylvania's definition of housekeeping unit. The problem for the BZA is that the NCO has a different definition of a family than the Pennsylvania ordinance. The NCO definition of "Family" includes people occupying a "dwelling" *or* "house keeping unit," and only requires a familial relationship if the group contains more than four people. The NCO defines "dwelling," but not "house keeping unit." Pennsylvania requires a "family" to operate as a "housekeeping unit," while the NCO does not. We do not need to adopt a definition for "house keeping unit" since the NCO provides working definitions to resolve the case.

{¶21} The NCO states that a permitted use in the R-1 and R-2 zones is an independent living facility that has only four people occupying the facility, or if it is more than four, that they are all related. The properties at issue are all independent living facilities and the maximum number of people allowed to occupy the facility is four. Because short-term rentals are a permitted use, we sustain appellants' assignment of error.

### III. Conclusion

{¶22} Zoning codes restrict property owners' rights to use their property. In this case, Norwood's attempt to restrict short-term rentals based on its current zoning code fails. We hold that Norwood's code allows short-term rentals in R-1 and R-2 zones. We sustain appellants' assignment of error and reverse the trial court's judgment.

Judgment reversed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.